IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BERNARD J. BECKER,

     Plaintiff,

  v.

                 OPINION and ORDER

ADVANCED CORRECTIONAL HEALTHCARE,
DR. PATRICIA HAMMEL, SARAH COADY,      24-cv-84-wmc
WESLEY REVELS, CHIEF DEPUTY CHRISTOPHER
WEAVER, and CAPTAIN STAN HENDRICKSON,

       Defendants.

---

Plaintiff Bernard Becker, who is representing himself, contends that the company that employs mental health staff at the Monroe County Jail, as well as security and health staff at the jail, violated his constitutional rights by failing to take his medical concerns seriously. Because Becker was incarcerated when he filed this lawsuit and is proceeding without paying the filing fee, the court must screen his complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915(e) and 1915A. When screening a complaint drafted by a non-lawyer, the court applies a less stringent standard. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). But Becker must still allege enough facts to show that he is plausibly entitled to relief, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007), and in this case, he has failed to do so. The court will give Becker the opportunity to file an amended complaint that states a claim on which relief may be granted.

ALLEGATIONS OF FACT

Becker alleges that he has stage 2 chronic kidney disease.  On October 26, 2023, while he was held at the Monroe County Jail, he complained of chest and kidney pain and was taken to Mayo Hospital for evaluation.  The hospital released him with instructions for jail staff to monitor him for worsening symptoms.  A few days later, on October 31, 2023, Becker again reported chest pain, as well as numbness along the left side of his body and discoloration.  Jail medical staff evaluated Becker and took his vitals, and defendant Dr. Patricial decided that he did not need medical treatment.  Approximately one week later, on November 6, 2023, defendant Nurse Sarah Coady evaluated Becker and noted that his heart rate was 45 beats per minute.  Coady stated there was nothing wrong with the low rate if Becker could still walk and talk.  Becker did not feel like his medical concerns were being taken seriously, and contacted defendants Sheriff Wesley Revels and Chief Deputy Christopher Weaver, but they failed to respond.  He also wrote to a local judge, who forwarded his concern to defendant Stan Hendrickson, a captain at the jail.

OPINION

Plaintiff contends that jail staff violated his constitutional rights by failing to get him medical treatment sooner.  Different standards apply to an incarcerated person's claims brought under the Constitution depending on the legal status of the plaintiff: the Eighth Amendment governs claims of convicted prisoners, the Due Process Clause of the Fourteenth Amendment governs claims of pretrial detainees, and the Fourth Amendment governs claims of arrestees for whom there has not yet been a judicial determination of probable cause.  *Collins v. Al-Shami*, 851 F.3d 727, 731 (7th Cir. 2017); *Ortiz v. City of Chicago*, 656 F.3d 523, 530 (7th Cir. 2011).  Because plaintiff was incarcerated at the Monroe County Jail during the relevant

time period, the court will assume that he was being held as a pretrial detainee and the Fourteenth Amendment applies.

To state a claim of inadequate medical care under the Fourteenth Amendment, a detainee must allege that: (1) the defendants acted intentionally, knowingly, or recklessly when they considered the consequences of their actions; and (2) the defendants' actions were objectively unreasonable. *McCann v. Ogle Cty., Ill.*, 909 F.3d 881, 886 (7th Cir. 2018). Plaintiff's allegations do not meet this standard. He alleges that he has serious medical conditions and that jail staff has responded inadequately when he has symptoms of distress. However, he also alleges that on each instance when he was experiencing symptoms, jail staff assessed his vitals, evaluated whether he needed further treatment and, on one occasion, transferred to the local hospital for treatment. Although plaintiff thinks that jail staff should have done more, his allegations do not suggest that he experienced any serious injuries as a result of defendants' decisions. More importantly, his allegations do not suggest that any defendant acted intentionally, knowingly, or recklessly in making decisions regarding plaintiff's health; nor do his allegations suggest that any defendant acted objectively unreasonably. Thus, plaintiff's allegations are not sufficient to state a constitutional claim against any defendant.

The court of appeals has cautioned against dismissing a case brought by an unrepresented plaintiff without giving the plaintiff a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). Therefore, the court will give plaintiff an opportunity to amend his complaint to state a valid federal claim. If he fails to do so by the date below, the case will be dismissed with prejudice.

ORDER

IT IS ORDERED that:

1.  Plaintiff Bernard Becker's complaint is DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2.  Plaintiff may have until **December 4, 2024**, to file an amended complaint, as directed above.  If plaintiff does not file an amended complaint as directed, the court will dismiss this case with prejudice for failure to state a claim upon which relief can be granted.

      Entered November 13, 2024.

      BY THE COURT:
      /s/
      WILLIAM M. CONLEY
      District Judge